UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ELIZABETH HARDISTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:13-cv-01598-DKL-WTL |
| ) | |
| CAROLYN W. COLVIN, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON JUDICAL REVIEW**

Plaintiff Mary Etta Hardister ("Hardister") requests judicial review of the decision of Defendant Carolyn W. Colvin, Acting Commissioner of the Social Security Administration (the "Commissioner"), denying Hardister's applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). For the reasons set forth below, the Commissioner's decision is **REVERSED** and **REMANDED.**

### I.  Background

**A. Procedural History**

Hardister filed an applications for DIB and SSI on February 25, 2010, alleging an onset of disability of February 5, 2010. [Dkt. 9-2 at 21.] Hardister's application was denied initially on April 30, 2010, and upon reconsideration on July 13, 2010. *Id*. Hardister requested a hearing, which was held on November 3, 2011, before Administrative Law Judge Charles W. Ardery ("ALJ"). The ALJ denied Hardister's application on June 22, 2012. [Dkt. 9-2 at 18.] The Appeals Council denied Hardister's

1

request for review of the ALJ's decision on August 6, 2013, making the ALJ's decision final for purposes of judicial review. [Dkt. 9-2 at 2.] Hardister filed her Complaint with this Court on October 4, 2013. [Dkt. 1.]

### B. Factual Background and Medical History

Hardister was born on May 18, 1949, and was 62 years old at the time of the hearing. She has past relevant work as a secretary and data entry clerk. Hardister testified that she left her most recent employment as a data entry clerk with the State of Indiana in February 2010 due to constant pain in her back, shoulders, arms and neck. The ALJ found Hardister suffers from the severe impairments of mild to moderate degenerative disc disease in the cervical spine; minimal degenerative disc disease in the thoracic spine; diffuse mild hypertrophic endplate changes in the lumbar spine; and mild hypertrophic changes in the bilateral shoulders. The ALJ evaluated Hardister's impairments under Listing 1.04 for disorders of the spine, but found the objective evidence failed to demonstrate the conditions resulted in compromise of the spinal cord or nerve root.

The ALJ issued his unfavorable decision on June 22, 2012. On July 11, 2012, Hardister underwent MRIs of the cervical and lumbar spine. She subsequently provided the Appeals Council with those results and a Clinical Summary dated July 9, 2012. In its denial of her appeal, the Appeals Council noted that "this new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before June 22, 2012." [Dkt. 9-2 at 3.] The Appeals Council further explained that Hardister should file a new claim if she wanted the Commissioner to

consider whether she was disabled after June 22, 2012. Hardister now argues the Appeals Council committed an error of law because it failed to properly consider the new medical evidence.

## II. Standard of Review

The issue of whether the Appeals Council properly rejected an appeal is distinct from whether an ALJ's decision is supported by substantial evidence. *Farrell v. Astrue,* 692 F.3d 767, 770–71 (7th Cir. 2012). To review additional evidence, the Appeals Council must determine whether the evidence is new and material:

> If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the [ALJ] hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the [ALJ] hearing decision. It will then review the case if it finds that the [ALJ's] action, findings, or conclusion is contrary to the weight of the evidence currently of record.
> *20 C.F.R. § 404.970(b).*

A district court may review *de novo* whether the Appeals Council made an error of law in applying this regulation. *Perkins v. Chater,* 107 F.3d 1290, 1294 (7th Cir. 1997). If an error of law exists, then remand may be appropriate; otherwise, "the Council's decision whether to review is discretionary and unreviewable." *Id.* While this Court cannot use evidence that was not before the ALJ to reevaluate the ALJ's factual findings, remand may still be appropriate if the Appeals Council made an error of law. *Farrell,* 692 F.3d at 770–71.

### III. Discussion

Hardister submitted several pieces of new evidence to the Appeals Council for review:

- Cover letter dated July 19, 2012, from Hardister's attorney (included in the record by the Appeals Council as Exhibit 15E);

- Lumbar and Cervical MRSs dated July 11, 2012 (which were attached to the above cover letter but returned to Hardister and not included in the record by the Appeals Council) [Dkt. 14-1 at 7-8];

- Cover letter dated August 1, 2012, from Hardister's attorney (included in the record as Exhibit 14F);

- Clinical Summary dated July 9, 2012 (attached to above cover letter but returned to Hardister and not included in the record) and

- Plan of Care dated June 11, 2012 (included in the record as Exhibit 14F).

Hardister asserts the Appeals Council committed legal error by rejecting the MRI results and Clinical Summary. Returning these documents to Hardister, the Appeals Council noted they were "about a later time" and therefore did not affect the decision about whether Hardister was disabled on or before June 22, 2012. [Dkt. 9-2 at 2.] The question before the Court is whether the Appeals Council's decision to reject these documents constituted an error of law.

To be added to the administrative record on appeal, evidence must qualify as both new and material. Evidence is considered new if it is new to the administrative record. *Farrell, 692 F.3d at 771*. There is no dispute the MRIs and Clinical Summary are "new" because they did not exist before the hearing. New evidence is material if it relates to the

period on or before the date of the ALJ hearing and there is a "reasonable probability that the ALJ would have reached a different conclusion had the evidence been considered." *Schmidt v. Barnhart,* 395 F.3d 737, 742 (7th Cir. 2005); 20 C.F.R. § 404.970(b).

As even the Commissioner admits, the Appeals Council here failed to consider whether the MRIs and Clinical Summary related to impairments Hardister possessed prior to the ALJ's decision. The Commissioner argues this error was harmless. The Court disagrees. The ALJ noted a lack of objective evidence to support Hardister's claim of severe back pain in several places in his opinion: objective medical evidence fails to demonstrate these conditions result in compromise of the spinal cord or nerve root [Dkt. 9-2 at 26]; 2011 X-rays showed only "mild" irregularities and possible impingement and failed to demonstrate significant abnormalities supporting alleged symptoms [Dkt. 9-2 at 27-28]; primary treating source records fail to indicate any significant ongoing cervical spine limitations [Dkt. 9-2 at 28.] The MRI findings fill this "evidentiary gap." *See Farrell,* 692 F.3d at 771. The cervical MRI found multiple abnormalities including "moderate to severe left neural foraminal compromise" at the C5-C6 and the lumbar MRI also noted abnormalities. [Dkt. 14-1 at 7-8.] The Appeals Council's rejection of this evidence was not harmless. These MRI results provide the objective confirmation of Hardister's symptoms and call into doubt the ALJ's RFC determination that she could perform light work. The Appeals Council's failure to consider this information was erroneous and warrants remand.

## IV. Conclusion

The Appeals Council committed reversible error when it refused to consider Hardister's additional evidence in her appeal. The matter must be reversed and remanded to the Commissioner of Social Security under sentence four of 20 C.F.R. § 405(g). On remand, the ALJ should consider Hardister's claims of disability in light of the additional evidence submitted to the Appeals Council.

Date: 01/21/2015

*Denise K. LaRue*
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

Jennifer Michelle Hess
PETIT & HESS
jenhessatty@aol.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov